## JUANA RODRÍGUEZ, Plff.,

### *v.*

## PORTO RICO MOTOR COMPANY, Dft.

---

San Juan, Law, No. 1060.

### BRINGING IN NEW PARTIES.

Practice—Adding New Party, Defendant.
    1. The complaint must be amended before a motion can be made to add a new party defendant.

Same—Bringing in Party.
    2. The court cannot mold proceedings to bring in a party unless the pleadings are amended by the parties accordingly.

Same—Answer.
    3. What is true of the complaint is true of the answer. Warrantors and some other parties may be brought in on motion of defendant, but only where it is necessary to enforce justice.

Rodríguez v. Porto Rico Motor Co.

Same—Alternative Defendants.
    4. If an amendment is designed to make one defendant liable or the other, but not both, it is defective.

Opinion filed April 14, 1915.

———

*Messrs. Rossy & Guillermety* for plaintiff.

*Mr. Francis E. Neagle* for defendant.

HAMILTON, Judge, delivered the following opinion:

A motion is made by the plaintiff that a summons issue to one Patterson as a defendant in this suit, the application being made under § 63 of the Code of Civil Procedure of Porto Rico. The reason for this application is that the answer sets up the automobile causing the accident was at the time in the custody and control of the said Patterson under a contract of hire. The plaintiff wishes to bring him in this manner without filing an additional suit.

1. No leave to amend the complaint is asked, and, if the party in question was made a defendant, it is difficult to see what could be done with him. The plaintiff says that he will then amend his complaint to fit the case, but, as it stands, no amendment has been made or applied for, and if Patterson is now brought in as a defendant, it would be necessary, if he made the motion, to strike him out again.

2. It is argued that § 63 must have some scope other than the practice which permits the plaintiff to amend and bring in other parties. This is no doubt true, but the court cannot

Rodriguez v. Porto Rico Motor Co.

bring into a suit a party who is not shown by the plaintiffs' pleadings to be a proper party to the matter in suit. The court cannot institute a judicial proceeding except in the matter of contempt, or by way of direction to a receiver in equity. A suit must be brought by one party filing a complaint against another party, and only when this is done does the power of the court come into being to mold that proceeding so as to insure full justice. If a complaint is so filed and shows that some-one not made a party should be brought in, it is probable that the court under this section or under its general powers might direct the plaintiff to make such person a party. But the court cannot on the one hand amend the complaint, or on the other bring in a party not shown by the complaint to be necessary.

3. What is said above as to the complaint is also true *sub modo* as to the answer. The court, upon motion of the defendant, will in some cases bring in warrantors, as in the case of landlord or a predecessor in the title. But this also will be done only where the answer takes the place of a complaint *pro tanto* and shows that the defendant has a right to bring in other parties in order that justice may be done in the whole transaction.

4. In the application at bar the argument seems to show the plaintiff alleges a claim which is good against the defendant or against Patterson, depending on how the facts may develop, but not against the defendant and Patterson, unless the facts are different from what was stated on the argument. If that be the case, it is questionable whether Patterson could be joined at all. At all events, the complaint must be amended so as to show that Patterson has some connection with the case before he can be made a party at the instance of the plaintiff.

The motion therefore is denied.